# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STARSTRUCK ENTERTAINMENT, LLC and THE ALEXANDER TRUST, | Case No.: |
| Plaintiffs, | Judge: |
| v. | Magistrate Judge: |
| JAY WILFONG, THE DAVIDS GROUP LLC, and FAE HOLDINGS 500467R, LLC, | **JURY DEMAND** |
| Defendants. | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, COUNTERFEITING, AND UNFAIR COMPETITION

Plaintiffs Starstruck Entertainment, LLC ("SEL") and The Alexander Trust ("TAT") (collectively, "Plaintiffs"), by and through their undersigned counsel, bring this action against Defendants Jay Wilfong ("Wilfong"), The Davids Group LLC ("Davids Group"), and FAE Holdings 500467R, LLC ("FAE Holdings"). For their Complaint, Plaintiffs allege as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for willful trademark counterfeiting, trademark infringement, and unfair competition under the Lanham Act. Defendants are engaged in a brazen and escalating scheme to trade on the goodwill of Plaintiffs' famous STARSTRUCK trademark for music and entertainment services.

2. This is not the first time Defendant Wilfong's conduct has been before this Court. After Plaintiffs successfully petitioned the Trademark Trial and Appeal Board ("TTAB") to cancel Defendant Wilfong's infringing trademark registration for STARSTRUCK FARM, Defendant appealed that decision to this Court. At a bench trial in that matter, Case No. 3:23-cv-00044, Defendant testified under oath that he had no intention of operating in Plaintiffs' core

business of artist management and that he was careful not to use Plaintiffs' STARSTRUCK mark in isolation.

3. Cross-examination exposed these statements as false. Confronted with his own advertisements for "artist development" services and dozens of social media posts using the standalone "Starstruck" mark, Defendant Wilfong immediately surrendered, voluntarily dismissing his appeal with prejudice.

4. Defendant Wilfong's conduct in that case established what Plaintiffs have maintained for years: his use of the STARSTRUCK and STARSTRUCK FARM marks for music and entertainment services is a bad-faith attempt to create a false association with Plaintiffs' renowned brand. Worse yet, Defendant Wilfong's use of the identical, federally registered STARSTRUCK mark constitutes trademark counterfeiting. Despite the prior litigation putting him on unambiguous notice of his infringing conduct, Defendant Wilfong continues his unlawful activities to this day. Plaintiffs bring this action to put a permanent end to Defendant's infringement and to recover damages for the harm he has willfully caused.

## II. THE PARTIES

5. Plaintiff Starstruck Entertainment, LLC is a Tennessee limited liability company with its principal place of business at 40 Music Square West, Nashville, Tennessee. SEL is a world-renowned music and entertainment company.

6. Plaintiff The Alexander Trust is a trust that owns SEL. TAT is the owner of the federal trademark registration for the STARSTRUCK mark at issue in this case.

7. Defendant Jay Wilfong is, upon information and belief, an individual residing in Lebanon, Wilson County, Tennessee. Wilfong directs and controls the infringing activities of the corporate defendants described herein.

8. Defendant The Davids Group LLC is, upon information and belief, a Tennessee limited liability company with its principal place of business in Lebanon, Wilson County, Tennessee. Upon information and belief, The Davids Group LLC is the current entity through which Defendant Wilfong operates the entertainment venue and lodging business at the center of this dispute.

9. Defendant FAE Holdings 500467R, LLC is, upon information and belief, a Tennessee limited liability company with its principal place of business in Lebanon, Wilson County, Tennessee. FAE Holdings 500467R, LLC is the entity that, under the direction and control of Defendant Wilfong, initially purchased the property at issue, was a named defendant in the prior state court action, and began the infringing activities described herein. Upon information and belief, The Davids Group LLC is the successor-in-interest to, or operates in concert with, FAE Holdings 500467R, LLC.

### III. JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), as this case arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

11. This Court has personal jurisdiction over Defendant Wilfong because he resides in Tennessee and has directed his infringing and tortious activities to and within this judicial district.

12. This Court has personal jurisdiction over Defendants The Davids Group LLC and FAE Holdings 500467R, LLC because both reside and/or conduct business in this district. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this District and a substantial part of the events giving rise to the claims occurred in this District.

## IV. FACTUAL BACKGROUND

### A. Plaintiffs' Famous STARSTRUCK Mark

13. Founded in the late 1980s, Starstruck Entertainment is a highly successful and respected music and entertainment enterprise based in Nashville, Tennessee. For over three decades, SEL has developed and managed the careers of iconic singers, songwriters, and producers, and has established itself as a premier brand in the global music industry.

14. The STARSTRUCK brand is the commercial identity for SEL's entire entertainment enterprise, including talent management, recording studios, music publishing, and live event production.

15. Plaintiffs have invested millions of dollars and decades of effort in promoting the STARSTRUCK mark, which has become famous and is exclusively associated in the public mind with Plaintiffs' high-quality entertainment services.

16. Reflecting these rights, Plaintiff TAT is the owner of U.S. Trademark Registration No. 3,612,189 for the word mark **STARSTRUCK** for use in connection with "[p]re-recorded CDs and downloadable digital files featuring music." This registration is valid, subsisting, and incontestable.

17. Through decades of continuous use, the STARSTRUCK mark has acquired immense goodwill and commercial magnetism. The mark is a valuable asset embodying Plaintiffs' reputation for excellence in the music and entertainment industries.

### B. Defendants' Acquisition of Land and Willful Infringement

18. In March 2019, Defendants purchased a parcel of land in Wilson County, Tennessee. This land was once part of a larger property formerly owned by an affiliate of Plaintiffs and known as "Starstruck Farms." Defendants' purchase of the land conferred no rights whatsoever to the STARSTRUCK trademark.

19. Almost immediately, Defendants began operating a commercial entertainment venue on the property, marketing it under the name "Starstruck Farm." They used the name to promote lodging, wedding services, and, most significantly, live music events, including songwriter nights and concerts.

20. To eliminate any doubt as to the nature of their business, Defendants' own website brazenly declares in its "About Us" section: "The heartbeat of Starstruck Farm is its music." This public admission confirms that Defendants have intentionally positioned their venue not as a simple farm or lodging business, but as a music-centric enterprise. This places Defendants' services in direct competition with Plaintiffs and was calculated to trade on the goodwill of the STARSTRUCK brand in the music industry, thereby exacerbating the likelihood of confusion. A true and correct copy of the About Us page is attached as **Exhibit A**.

21. On May 31, 2019, Plaintiffs' counsel sent Defendant Wilfong a cease-and-desist letter, putting him on express notice of Plaintiffs' senior rights in the STARSTRUCK mark and demanding that he stop all infringing use. Defendant Wilfong refused to comply.

### C. The Prior Litigation and Defendant Wilfong's Admissions by Conduct

22. After Defendant Wilfong obtained a federal registration for STARSTRUCK FARM, Plaintiffs filed a Petition for Cancellation with the TTAB. On November 16, 2022, the TTAB sustained the petition and canceled Defendant Wilfong's registration, finding a likelihood of confusion with Plaintiffs' senior STARSTRUCK mark.

23. Dissatisfied, Defendant Wilfong filed a civil action in this Court on January 18, 2023, seeking to overturn the TTAB's decision. *Wilfong v. Starstruck Entm't, LLC, et al.*, Case No. 3:23-cv-00044 (M.D. Tenn.).

24. A bench trial in that matter commenced on January 15, 2026. On direct examination, Defendant Wilfong provided false and misleading testimony, minimizing the

overlap between his business and Plaintiffs'. He testified that he was careful to always use the full name "Starstruck Farm" and never "Starstruck" alone. He further testified that he had no interest in Plaintiffs' core business of artist management, stating under oath: **"last thing I would ever want to do with my life would be manage a bunch of musicians – no, absolutely not."**

25. Cross-examination proved this testimony false. Defendant was confronted with an advertisement for "The Rising Star Sessions" held at, and presented by, his venue. This event was an audition for house bands, with winners promised a **"Sponsorship & Artist Development Package"** that included **"professional promotion, advertising, branding, and guidance"** and **"Networking with Nashville's best musicians, singers, and industry connections."** A true and correct copy of Defendant Wilfong's "Starstruck Farm" Facebook posts since August 28, 2025, including the "Rising Star" sessions promotion, is attached hereto as **Exhibit B**.

26. This advertisement demonstrates that, contrary to his sworn testimony, Defendant Wilfong was in fact offering artist development and management services—services that are at the very heart of Plaintiffs' business.

27. Defendant Wilfong was also confronted with dozens of examples from his business's own social media accounts where the mark "Starstruck" was used in isolation, without the word "Farm," including to promote music events. A representative sample of these posts is attached hereto as **Exhibit C**.

28. Faced with this incontrovertible evidence of his infringement and his false testimony, Defendant Wilfong immediately capitulated. On January 15, 2026, at the close of his evidence, Defendant Wilfong, moved to voluntarily dismiss his own case with prejudice. The Court granted the motion, resulting in a final adjudication affirming the cancellation of his mark.

### D. Defendants' Ongoing Counterfeiting and Infringement

29. Wilfong's dismissal of the prior action was a clear admission that his use of the STARSTRUCK FARM mark for music services creates a likelihood of confusion.

30. Yet, upon information and belief, Defendants continue to use the STARSTRUCK FARM mark to promote their competing music and entertainment services. More egregiously, Defendants have used and continue to use a counterfeit of Plaintiffs' federally registered mark. As evidenced at trial and in Exhibit C, Defendants have repeatedly used the standalone mark **STARSTRUCK**—a mark identical to Plaintiffs' registered word mark—to promote their competing music events. This use of an identical mark is intentional, willful, and constitutes trademark counterfeiting.

31. Defendants' actions are a deliberate attempt to free-ride on the enormous goodwill of the STARSTRUCK brand. Their use of the identical STARSTRUCK mark and the confusingly similar STARSTRUCK FARM mark is calculated to deceive consumers into believing their venue and services are sponsored by, affiliated with, or approved by Plaintiffs. This conduct is willful, malicious, and warrants an award of enhanced damages and attorneys' fees.

### COUNT I:
### TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)
#### Against All Defendants

32. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 31 as if fully set forth herein.

33. Plaintiffs own a valid and subsisting federal trademark registration for the word mark STARSTRUCK (Reg. No. 3,612,189), which is incontestable.

34. Without Plaintiffs' consent, Defendants have used in commerce a counterfeit of Plaintiffs' STARSTRUCK mark—specifically, the identical word "Starstruck"—in connection with the sale, offering for sale, distribution, and advertising of music and entertainment services.

35. Defendants' services are of a similar type as the services for which the STARSTRUCK mark is registered and the same type as the services for which the mark is famous.

36. Defendants used the counterfeit STARSTRUCK mark with full knowledge of Plaintiffs' registration and senior rights, and with the intent to trade on the reputation and goodwill of Plaintiffs. Defendants' use of a spurious mark identical to Plaintiffs' registered mark is likely to cause confusion, mistake, or deception among consumers.

37. Defendants' conduct constitutes willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II:
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)
### Against All Defendants

38. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 28 as if fully set forth herein.

39. Without Plaintiffs' consent, Defendants have has used in commerce the designation STARSTRUCK FARM, which is a colorable imitation of Plaintiffs' federally registered STARSTRUCK mark, in connection with the advertising and provision of music and entertainment services.

40. Defendants' use of STARSTRUCK FARM is likely to cause confusion, mistake, or to deceive consumers as to the affiliation, connection, or association of Defendants' business with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' services by Plaintiffs.

41. Defendants' conduct constitutes willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT III:
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

### Against All Defendants

42. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 28 as if fully set forth herein.

43. Plaintiffs own common law and federal rights in the famous STARSTRUCK mark for music and entertainment services. The mark is distinctive and has acquired substantial secondary meaning.

44. Defendants' unauthorized use in commerce of the STARSTRUCK mark and the STARSTRUCK FARM mark in connection with his music and entertainment services constitutes a false designation of origin and a false representation that is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' services by Plaintiffs.

45. Defendants' acts were and are undertaken willfully, with the deliberate intent to trade on the goodwill and reputation of Plaintiffs and their STARSTRUCK mark.

46. Defendants' conduct constitutes federal unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

V.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants as follows:

A. A preliminary and permanent injunction restraining and enjoining Defendants, and their agents, servants, employees, and all persons in active concert or participation with them, from:

      a. Using the STARSTRUCK mark, the STARSTRUCK FARM mark, or any other mark, name, or designation that is a counterfeit, copy, or confusingly similar imitation of Plaintiffs' STARSTRUCK mark in connection with any business, service, or promotion; or

      b. Committing any acts calculated to cause consumers to believe that Defendants' services are in any way sponsored by, authorized by, affiliated with, or connected to Plaintiffs;

    B. An Order pursuant to 15 U.S.C. § 1118 requiring Defendants to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in his possession bearing the counterfeit or infringing marks;

    C. An award of Defendants' profits from their unlawful conduct pursuant to 15 U.S.C. § 1117(a);

    D. An award of damages sustained by Plaintiffs as a result of Defendants' unlawful conduct;

    E. In light of Defendant's willful, intentional, and deliberate infringement, an Order trebling the award of profits and damages pursuant to 15 U.S.C. § 1117(a);

    F. In the alternative to actual damages and profits for counterfeiting, an award of statutory damages of up to $2,000,000, pursuant to 15 U.S.C. § 1117(c);

    G. A declaration that this is an exceptional case and an award to Plaintiffs of their reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a);

    H. An award of prejudgment and post-judgment interest; and

    I. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: January 21, 2026

Respectfully submitted,

*/s/ W. David Bridgers*
Chanelle R. Acheson (TN BPR #30008)
W. David Bridgers (TN BPR #16603)
G. Edward Powell III (CA Bar #324530)
**Waddey Acheson LLC**
1030 16th Ave S, Suite 300
Nashville, TN 37212
615-839-1100
david@waddeyacheson.com
*Attorneys for Plaintiffs Starstruck*
*Entertainment, LLC and The Alexander Trust*